UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SONDRA MILLS | : | CIVIL ACTION NO. |
| *Plaintiff* | : | Docket No. 3:00CV0935(SRU) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | | |
| JUDICIAL DEPARTMENT | : | |
| *Defendant* | : | MARCH 15, 2004 |

## MEMORANDUM IN SUPPORT
## OF DEFENDANT'S RENEWED AND SUPPLEMENTED MOTION IN LIMINE

Plaintiff Sondra Mills ("Mills") brings this action seeking damages and other relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. In the ruling on the Defendant's motion for summary judgment, this Court held that the Plaintiff could only proceed with her Title VII claims relating to her 1999 denial for promotion to Deputy Clerk and Case Flow Coordinator. (Ruling on Defendant's Motion for Summary Judgment, p. 7). This Court ruled that the defendant could not be held liable for acts prior to November 1998 because there was insufficient evidence of pervasive discriminatory practices warranting the application of the continuing violation exception under Title VII. Id.

The State renews its motion to prohibit the plaintiff from using her prior applications for positions within the Judicial Department (Case Flow Coordinator in 1993 and 1995; Deputy Clerk positions in 1997) in support of her disparate treatment case for acts that occurred in 1999. The defendant also moves to prohibit the plaintiff from offering evidence that she was not

promoted to the position of Assistant Clerk in 1976 or 1985 in support of her disparate treatment case for acts that occurred in 1999.

The reasons for barring evidence concerning Ms. Mills' 1993, 1995, and 1997 Deputy Clerk and Caseflow Coordinator applications are equally applicable to her 1976 and 1985 applications to be promoted to Assistant Clerk, and defendant incorporates those arguments by reference here. There are, however, additional reasons to exclude evidence of the Assistant Clerk applications. First, the applications occurred a great deal of time prior to the applications at issue in this suit – 14 years and 23 years, respectively. It is burdensome enough to attempt to defend personnel decisions from as recently as five years ago; to ask the defendant to locate information about personnel decisions from decades ago is asking the impossible. Moreover, the plaintiff filed a complaint with the Commission on Human Rights and the Equal Employment and Opportunities Commission ("CHRO") on October 10, 1985, regarding her failure to be promoted to Assistant Clerk in 1976 and 1985. CHRO dismissed the plaintiff's claims for lack of any reasonable cause on December 26, 1986 and informed her of her right to appeal. The Equal Employment Opportunities Commission also dismissed the plaintiff's claim and issued a Notice of Right to Sue letter. The plaintiff admitted in her deposition that she never filed a lawsuit in federal or state court as a result of the dismissals. (Plaintiff was promoted to Assistant Clerk in March of 1987, well after the CHRO decision). Finally, the plaintiff's Complaint makes no specific allegations about being denied promotion to the position of Assistant Clerk.

The defendant also renews its motion to exclude plaintiff's evidence concerning the number of African Americans employed as Deputy Clerks and Caseflow Coordinators. As set forth in the earlier memorandum, raw data of this type has little or no probative value. The possibility for unfair prejudice, on the other hand, is high. Jurors might be inclined to punish the

Judicial Branch for its allegedly "poor" statistical record of minority promotions, without finding that the Judicial Branch intentionally discriminated against the plaintiff.  Moreover, jurors might be inclined to find the defendant liable, not because it intentionally discriminated against Ms. Mills, but because it did not take affirmative action on her behalf to lift the percentages of its Deputy Clerks and Caseflow Coordinators who were African American.  Congress "clearly and emphatically" expressed its intent that Title VII not provide incentives for employers to adopt such quotas or engage in such preferential treatment.  *Watson* v. *Fort Worth Bank & Trust,* 487 U.S. 977, 993 (1988), *citing* 42 U.S.C. § 2000e-2(j).

## CONCLUSION

For all of the above stated reasons, the defendant moves for an order in limine prohibiting the plaintiff from offering any evidence about her pre-1999 applications for positions within the state judicial department, or from offering evidence about the numbers of African Americans employed by the Judicial Branch as Deputy Clerks or Caseflow Coordinators.

The defendant also formally requests a Rule 103(c) hearing outside the presence of the jury requiring that the plaintiff make an offer of proof establishing both the relevancy and foundation of the evidence in question before the Court issues a ruling on the admissibility of such evidence.

                    DEFENDANT,
                    STATE OF CONNECTICUT
                    JUDICIAL DEPARTMENT

                    RICHARD BLUMENTHAL
                    ATTORNEY GENERAL


BY: _____
       Maria C. Rodriguez
       Mark P. Kindall
       Assistant Attorneys General
       Federal Bar Nos. ct08946 & ct13797
       55 Elm Street, P.O. Box 120
       Hartford, CT  06141-0120
       Tel: (860) 808-5340
       Fax: (860) 808-5385
       Mariac.Rodriguez@state.ct.us.po
       Mark.Kindall@state.ct.us.po


## **CERTIFICATION**

I hereby certify that a copy of the foregoing Memorandum in Support of the Defendant's Renewed and Supplemented Motion in Limine was hand delivered on this 15th day of March, 2004 to:

**John R. Williams**
**Williams & Pattis, LLC**
**51 Elm Street, Suite 409**
**New Haven, CT 06510**


       _____
       Mark P. Kindall
       Assistant Attorney General